IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JULIE BRANDENBURG, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.  3:09-CV-00558-DRH-DGW |
| ) | |
| EARL L. HENDERSON TRUCKING CO., ) | |
| et al. ) | |
| ) | |
| Defendants. | |

**ORDER**

Pending before the Court is the parties' Uncontested Motion for Protective Order (Doc. 94), filed on August 17, 2010.  In accordance with Federal Rule of Civil Procedure 26(c), the Court finds there is a good cause to enter an order protecting the parties' confidential information.  Wherefore, the Court hereby **GRANTS** the parties' Uncontested Motion for Protective Order. The parties are reminded that should any disputes arise regarding the scope or application of this protective order, they are required to contact the Court before filing a motion.

**IT IS HEREBY ORDERED:**

A. The following words and terms are defined as follows for purposes of this Protective Order:

1. "Parties" shall mean Plaintiff Julie Brandenburg, Defendant Earl L. Henderson Trucking Company, Defendant Premium Transportation Staffing, Inc., Defendant Premium Enterprises, Inc., and any additional party this Court may subsequently recognize as subject to this protective order, and their attorneys.

2. When used in this Order, the word "document" or "documents" means all written, recorded or graphic matter whatsoever, produced by any party or non-party pursuant to discovery, Federal Rules of Civil Procedure, subpoena, or by agreement, and deposition transcripts and exhibits and/or any portion of any court filings that quote from or summarize any of the forgoing.

3. "Confidential Information" shall mean Defendant Earl L. Henderson Trucking Company's Answer to Plaintiff's First Interrogatories to Defendant Earl L. Henderson Trucking Co. Number 7, Defendant Earl L. Henderson Trucking Company's Answer to Plaintiff's First Request for Production to Defendant Earl L. Henderson Trucking Co. Number 6, Defendant Premium Transportation Staffing, Inc.'s Answer to Plaintiff's First Interrogatories to Defendant Premium Transportation Staffing, Inc. Number 9, Defendant Premium Transportation Staffing, Inc.'s Answer to Plaintiff's First Request for Production to Defendant Premium Transportation Staffing, Inc. Number 6, Defendant Premium Enterprises, Inc.'s Answer to Plaintiff's First Interrogatories to Defendant Premium Enterprises, Inc. Number 9, Defendant Premium Enterprises, Inc.'s Answer to Plaintiff's First Request for Production to Defendant Premium Enterprises, Inc. Number 6 produced during the course of discovery. The producing party shall designate Confidential Information as "Confidential: Subject to Protective Order". <u>Documents containing Confidential Information produced in this action may be designated by any party or parties by marking the first page of the document in this manner.  Documents unintentionally produced without such designation may be retroactively designated as Confidential Information by written notice of the producing party and shall be treated as Confidential Information from the date of such notice.</u>

4. Any party may, in good faith, designate as "ATTORNEY'S EYES ONLY" any Confidential Information which, if disclosed, could significantly and irreparably prejudice its business dealings or interests with customers or potential customers, or intrude upon the privacy of any nonparty (this subset of Confidential Information shall be referred to as "Attorney's Eyes Only Material"). In the event of such a designation, only attorneys of record and designated experts may have access to the Attorney's Eyes Only Material. Attorney's Eyes Only Material shall not be disclosed under any circumstances to anyone including the parties, their current employees, in-house counsel, or officers without first obtaining the written approval of the producing party making the designation. Any expert to whom Attorney's Eyes Only Material is provided, as a condition of receiving such material, shall fully abide by all terms of this Order and prior to any disclosure is made to the expert, shall execute and provide to producing party, a written acknowledgement of this Order. Attorney's Eyes Only Material may, however, be used in the course of litigation— including but not limited to depositions, pleadings, hearings, or trial of this matter— subject to the limitations contained in this Order.

5. All Confidential Information <u>produced or exchanged in the course of this litigation shall be used solely for the purpose of preparation, trial, or any appeal of this litigation and for no other purpose whatsoever, and shall not be disclosed to any person or used for any purpose except in accordance with the terms of this Order.</u>

6. <u>All Confidential Information</u> shall be maintained under strict confidence by trial counsel for the parties and shall <u>not be disclosed or made available by the receiving party to persons other than "Qualified Persons."</u> Qualified Persons as used herein means:

    (a)    members or employees of trial counsel's firm who are engaged in the preparation for any hearing or trial in this action;

    (b)    court reporters in the performance of their official duties;

    (c)    this Court, including Court personnel;

    (d)    with respect to a particular item of information or document, persons, including parties, who prepared or assisted in the preparation of that item or document, or to whom the item or document or a copy thereof was addressed or delivered, but only to the extent such disclosure and any use of the information is for the conduct of this action;

    (e)    expert witnesses or consultants retained solely for purposes of this litigation provided that such witness or consultant is not otherwise affiliated with or employed by a party and who have executed an Acknowledgment;

    (f)    the parties, including current employees, officers and directors of corporate parties (Attorney's Eyes Only Material shall not be disclosed except as provided for in this Order); and

    (g)    any other person upon the prior written consent of the producing party or upon order by the Court.

7. Other than those persons identified in paragraphs 6(a)-(d) and (f), any person to whom Confidential Information is disclosed shall, prior to disclosure, be required by the disclosing party to read this Order and agree in writing to be bound by its terms and conditions and to subject himself to the jurisdiction of this Court for the purpose of contempt proceedings if he violates this Order. Counsel for the party disclosing the Confidential Information shall maintain these written certifications, and they shall be available to opposing counsel for inspection upon termination of the litigation. The provisions of this paragraph shall survive final termination of this action.

8. As used in this Order, "trial counsel" refers exclusively to counsel who have entered an appearance in this action on behalf of one or more of the parties.

9. Subject to the restrictions contained herein, nothing in this Order shall prevent a party from using at trial or any hearing or during a deposition, or in connection with briefs or other papers filed with the Court, any Confidential Information, except that any such use shall not expand the persons to whom Confidential Information may be disclosed pursuant to this Order. In the event a party wishes to use Confidential Information in any papers filed with the Court or files deposition

4

transcripts containing Confidential Information with the Court, such papers and transcripts shall be filed under seal with the Court.

10. If Confidential Information and/or Confidential "For Attorneys' Eyes only" information is used during a deposition, that portion of the deposition will be conducted without the presence of any person or party, except the witness, not eligible to receive a disclosure of the information under this Order, and the transcript will be marked pursuant to this Order. Prior to the use of Confidential Information at a hearing, the parties will discuss with the Court appropriate procedures to prevent disclosure of Confidential Information. Confidential Information shall not become a part of the public record except upon the written consent of the producing party or unless permitted by this Court, after the producing party has had an opportunity to present its arguments regarding confidentiality to the Court.

11. Depositions.

(a) Documents containing Confidential Information may be used by any party at any deposition in this action provided that the terms of this Order, including the restrictions on who may have access to such information shall apply.

(b) Oral deposition testimony may be designated as Confidential Information by making an appropriate statement on the record at the time of the deposition. Any party may also designate information disclosed at a deposition as Confidential Information by identifying, within thirty (30) days following receipt by counsel of a copy of the transcript, the specific pages and lines of the transcript that are so designated and notifying the other parties in writing of such designation. Irrespective of whether any designation is made at the time a deposition is taken, the entire transcript of each such deposition shall be treated as Confidential Information during the thirty (30)-day period.

5

Unless otherwise designated as specified in this Order, the transcript shall not be treated as Confidential Information after the stated <u>thirty (30)</u>-day period.

  (c) Prior to the disclosure of Confidential Information at any deposition, the reporter recording the same shall be furnished with a copy of this Order by the party taking the deposition and shall be informed that testimony, exhibits and other Confidential Information may be disclosed only in accordance with the terms of the Order.  When a transcript of the testimony is prepared, the reporter shall conspicuously mark each page on which Confidential Information appears with an appropriate legend signifying its protected status and shall place the following legend on the cover of any transcript containing Confidential Information: "This transcript contains Confidential Information subject to a Protective Order of the Court." The reporter shall treat the transcript in accordance with the terms of this Order.

  12. Trial. Any party may introduce evidence at trial that is designated Confidential Information provided that the party seeking to introduce the Confidential Information has first given the producing party written notice at least thirty (30) days prior to trial, or sooner if there is a Court order requiring identification of exhibits earlier, of its intent to introduce Confidential Information at trial.  If any party wishes to prevent the ordinary and public use at trial of anything produced as Confidential Information under this Order, or ask that such information be kept under seal or otherwise confidential in any way, that party must raise the issue with opposing counsel and the Court no later than 21 days after said designation.  If the parties cannot agree upon whether to use the Confidential Information at trial, the Court shall decide whether the Confidential Information can be used at trial.

  13. Any person receiving Confidential Information under the terms of this Order shall make no use of the information except for purposes of the preparation for a hearing, trial, appeal or

settlement of this action. No person shall make copies, extracts, or summaries of Confidential Information except under the supervision of counsel when, in the judgment of counsel, such copies or other papers are necessary for the conduct or settlement of the action. Each such copy or other paper shall be conspicuously marked with an appropriate legend signifying its status as <u>Confidential Information</u>. Counsel and all other persons to whom Confidential Information is disclosed pursuant to this Order shall take reasonable and appropriate precautions to avoid loss or inadvertent disclosure of such materials.

14. Nothing contained in this Order shall be construed as an admission by any party that any document or information designated as "Confidential Information" is in fact confidential, proprietary or a trade secret or as a waiver by either party of its right to object to the subject matter of any discovery request made in this action. The execution of this Order shall not be construed as an agreement by either party to produce any documents or supply any information, and shall not constitute an admission that any evidence, including documents, which may exist is relevant in any way to the issues raised in this action or a waiver of any privilege with respect thereto.

15. This Order shall be without prejudice to the right of any party to bring before this Court at any time the question of whether any particular information is discoverable, relevant <u>or admissible</u> to any issue in this case.

16. Designation by a party of information or a document as Confidential Information shall have no evidentiary significance and may not be used at a hearing or at trial for any purpose. A party's failure to object to a producing party's designation shall likewise have no evidentiary significance and shall not constitute an admission that the information is confidential.

17. If a receiving party disagrees at any time during this action with the producing party's designation, such party shall notify the producing party in writing of its disagreement with the

designation. The parties shall first try to resolve the dispute in good faith on an informal basis. If the dispute cannot be resolved informally, the party challenging the designation may request appropriate relief from the Court pursuant to Federal R. Civ. P. 37. The burden of proving that the information has been properly designated as Confidential Information shall be on the producing party.

18. <u>The parties may provide for exceptions to this Order by written stipulation and any party may seek an order of the Court modifying this Order.</u>

19. Nothing in this Order shall bar or otherwise restrict any attorney from rendering advice to his or her client with respect to this action and, in the course thereof, from referring to or relying generally upon his or her examination of Confidential Information or Attorney's Eyes Only Material. However, in rendering any such advice or in otherwise communicating with his or her client, the attorney shall not produce the contents or source of any Attorney's Eyes Only Material in any manner contrary to the terms of this Order. The attorney may discuss with his or her client the information contained in Attorney's Eyes Only Material.

20. Upon final termination of this action, whether by settlement, judgment or appeal, the receiving party shall within sixty (60) days upon the producing party's request assemble and make available for delivery at receiving party's office in St. Louis, Missouri the documents produced, or at the producing party's option the receiving party shall certify the destruction of all documentary material or memoranda embodying information designated "Confidential Information" and "Attorney's Eyes Only Material" including all copies of such memoranda or documentary material which may have been made.

21. No later than thirty (30) days after the final termination of this <u>action</u>, counsel for each producing party shall contact the Court if they wish to retain any documents designated as

Confidential Information.  Otherwise, the Court will thereafter destroy any unclaimed documents so designated.

22. This Order may be extended to additional parties or nonparties by written consent of all of the parties that are signatories to this agreement.

**DATED:  September 2, 2010**

s/ *Donald G. Wilkerson*
**DONALD G. WILKERSON**
**United States Magistrate Judge**
